# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

GATEWAY FIREWORKS, LLC,

      Plaintiff,             CIVIL ACTION NO. 07-CV-14961-DT

 VS.                                DISTRICT JUDGE BERNARD A. FRIEDMAN

WHITEFORD TOWNSHIP,      MAGISTRATE JUDGE MONA K. MAJZOUB

      Defendant.
                              /

## OPINION AND ORDER DENYING INTERVENOR-DEFENDANT ELIZABETH SOSS' MOTION TO INTERVENE

This matter comes before the Court on the Motion to Intervene filed by Elizabeth Soss on March 20, 2008. (Docket no. 20). Plaintiff filed a Response on April 7, 2008. (Docket no. 25). All pretrial motions have been referred to the undersigned for decision. (Docket no. 22). The Court dispenses with oral argument on this motion. E.D. Mich. LR 7.1(e). This motion is now ready for ruling.

**1.**    **Facts and Procedural History**

This is an action filed by Gateway Fireworks against Whiteford Township to, among other things, enjoin the Township from interfering with its development and use of certain property as a retail fireworks business. (Docket no. 25 at 7). In 2005 Gateway's predecessor in interest filed an application for zoning change or amendment for the property requesting rezoning of the property from B-3 (highway business district) to BH (hazardous materials district). The intended use for the property was as a retail business selling fireworks. The Whiteford Township Planning Commission held public hearings in 2006. The Commission recommended approval of the rezoning petition. Gateway thereafter became the interested party in the rezoning by assignment.

In October 2006 the Township's Board of Trustees voted on and approved the rezoning request. The Township Clerk then caused to be published notice of the zoning change. In response Elizabeth Soss[1] circulated a petition for referendum election on the zoning change. The Township Clerk determined that the petition was inadequate and that no referendum election would occur. Gateway then began planning and taking affirmative steps to improve and develop the property as a retail fireworks store. On March 16, 2007 Soss filed a lawsuit in the Circuit Court for the County of Monroe against Whiteford Township and others challenging the Township's rejection of the referendum petition. The Township was ordered by the Michigan Court of Appeals to schedule a referendum election on the subject rezoning. The referendum was held on November 6, 2007, and the voters rejected the Township's rezoning decision. Gateway filed this action on November 20, 2007. The parties stipulated to the Court entering an Order on March 19, 2008 relating to the use of the property during the pendency of this litigation. The Order permits Gateway to operate a retail fireworks business on the property during this time. (Docket no. 19). Ms. Soss filed her Motion to Intervene the next day. (Docket no. 20).

The Motion to Intervene is filed under both Fed. R. Civ. P. 24(a)(2)[2] (intervention of right) and 24(b)(1)[3] (permissive intervention). Ms. Soss alleges that she has a "substantial interest in

---

[1] Plaintiff contends that Ms. Soss is the owner and operator of All American Fireworks a/k/a Uncle Sam's Fireworks, a direct business competitor of Gateway Fireworks, and the only other retail fireworks store in Whiteford Township. (Docket no. 25 at 2). Plaintiff, however, fails to submit any evidence supporting these allegations.

[2] Rule 24(a)(2) provides that on timely motion the court must permit anyone to intervene who claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

[3] Rule 24(b)(1)(B) provides that on timely motion the court may permit anyone to intervene who has a claim or defense that shares with the main action a common question of law

2

assuring the integrity of the Whiteford Township voting system." (Docket no. 20 at 8). She further alleges that Gateway and the Township are conducting settlement negotiations "which would allow Gateway to sell fireworks on a B-3 zoned parcel despite the rulings in Michigan State Courts and the will of the Whiteford Township electorate." (*Id*. at 9). Finally with regard to intervention of right, Ms. Soss alleges that the Township "is not and cannot represent the interests of the electorate and Intervenor while negotiating a settlement in this case." (*Id*. at 10). In support of her argument that she should be allowed to intervene permissively Ms. Soss argues that she intends to assert several defenses such as that relief is barred by res judicata, that the denial of a zoning change is not exclusionary under Michigan Law, and that Plaintiff lacks standing in federal court. (*Id*.).

Plaintiff contends that Ms. Soss should not be allowed to intervene either of right or permissively. It argues that her interest is nothing more than to thwart business competition. According to Plaintiff, Ms. Soss has neither a legal interest in the subject matter of this action nor any claim or defense that shares with this action a common question of law or fact. Finally, Plaintiff argues that the Township is perfectly capable of representing the interests of its citizenry.

**2.      Governing Law**

To be granted intervention of right pursuant to Fed. R. Civ. P. 24(a), the movant must show: (1) the timeliness of the motion to intervene; (2) the movant's substantial legal interest in the case; (3) impairment of the movant's ability to protect that interest in the absence of intervention; and (4) inadequate representation of that interest by parties already before the court. *United States v. Tennessee*, 260 F.3d 587, 591-92 (6th Cir. 2001). The movant has the burden of showing all four

---

or fact.

elements, and the failure to establish any of the four elements prevents the movant from intervening of right. *Johnson v. City of Memphis*, 73 Fed. App'x 123, 131 (6th Cir. 2003).

The court exercises its discretion in deciding whether to allow permissive intervention. *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1248 (6th Cir. 1997). Such intervention should be allowed so long as the motion is timely, there is at least one common question of law or fact, and the balancing of undue delay or prejudice to the original parties weighs in favor of allowing intervention. (*Id.*).

**3.     Intervention of Right**

Ms. Soss has failed to carry her burden of establishing each of the required elements for intervention of right. The second element requires that she show that she has a substantial legal interest in this action. The Sixth Circuit has opted for a rather expansive notion of the interest sufficient to invoke intervention of right, but the inquiry is "necessarily fact-specific."*Miller*, 103 F.3d at 1245. Her stated interests in moving to intervene in this action are to assure the integrity of the Whiteford Township voting system and to preserve the binding and enforceable nature of election results. (Docket no. 20 at 2, 8). She therefore seeks to ensure that through this litigation Plaintiff is not permitted to take any action that is not consistent with the referendum election which rejected Plaintiff's rezoning request.

Plaintiff relies upon *Pulte Land Co. v. Alpine Twp.*, 2006 WL 2613450 (Mich. Ct. App. Sept. 12, 2006) for the proposition that if allowed to intervene, the issues that Ms. Soss wishes to raise have, in effect, already been decided in favor of Gateway. (Docket no. 25 at 13). In *Alpine*, the Pulte Land Company purchased a tract of property on which it intended to construct a residential development. (Docket no. 25, ex. B, pp. 4-5). The property was zoned agricultural, but the

4

township planning commission and board approved Pulte's application for rezoning. However, in a subsequent referendum the voters rejected the rezoning ordinance, and the property remained zoned as agricultural. (*Id*. p. 5). Pulte filed an action against the township after its application for a variance was denied. Pulte claimed due process and equal protection violations and sought to enjoin the township from interfering with its planned residential development. (*Id*.).

A neighboring landowner moved to intervene arguing that he had a personal interest in the matter as a nearby property owner and as a citizen of the township in ensuring that his initiative rights are meaningful and effective. (*Id*.). He was allowed to intervene and Pulte and the township entered into a consent agreement that permitted Pulte's proposed use of the property. The resulting partial consent judgment effectively reversed the referendum result. (*See id*.). On appeal, the intervening defendant argued that the consent judgment itself was impermissible because it achieved a result contrary to the referendum, thereby thwarting the will of the citizenry. The court of appeals rejected this argument as "contrary to both precedent and logic." (*Id*. p. 5). It found the consent judgment to be "entirely permissible" as it did not improperly contract away the legislative powers of a future governing body. (*Id*. pp. 5-6). The court found that the township officers were authorized to act and to conclude that it was in the township's best interests to compromise potentially disruptive litigation. (*Id*. p. 6).

In *Alpine Twp*. the intervenor was granted leave to intervene by the trial court. The granting of leave to intervene was not an issue on appeal. In affirming the trial court's award of costs to the plaintiff the appeals court did chastise the intervening defendant because he "wholly failed to present any proofs or argument in support of the basis for his intervention." (*Id*. p. 10). Therefore, *Alpine Twp*. speaks more to the substantive merit of the intervenor's arguments rather than whether

5

intervention was properly granted. Even so, it is strong evidence that Ms. Soss has no legal basis under Michigan state law upon which to enforce the result of the referendum in this action.

A more persuasive case for concluding that Ms. Soss should not be allowed to intervene, either of right or permissively in this matter, is *Providence Baptist Church v. Hillandale Committee, Ltd.*, 425 F.3d 309 (6th Cir. 2005). In that action the Hillandale Committee had circulated referendum petitions opposing the rezoning of property that the church sought to purchase and build upon a worship facility and single family housing. The rezoning was approved by the city but later rejected by the voters. The church purchased the property and filed an action in federal court against the city alleging violations of the First and Fourteenth Amendments and the Religious Land Use and Institutionalized Persons Act. The Hillandale Committee sought to intervene as the committee which circulated the referendum petitions on the basis that the right of the voters could be threatened or nullified by a proposed settlement between the church and the city. (*Id*. at 312). The Committee further argued that the city might not adequately represent its interest in opposing the rezoning and in protecting its referendum rights. (*Id*.). The district court denied the Committee's motion to intervene. The church and the city then settled the litigation with a consent judgment permitting the development of the planned worship facility and the single family housing. (*Id*.). The committee appealed from the denial of its motion to intervene and the dismissal of the action on the consent judgment.

The Sixth Circuit determined that the Committee did not have a substantial legal interest in the subject matter of the lawsuit. (*Id*. at 316). The court found that "any interest [the Committee] had in this case sufficient to permit intervention ended when the election took place." (*Id*. at 316-17). The court distinguished cases in which the intervenor raised issues concerning the validity of

6

an election, such as questions about the validity of signatures on a petition. The interest that the Committee had in getting the zoning ordinance on the ballot did not suffice to make it a party in interest in the negotiated settlement between the city and the church. (*Id*. at 317). Its interest in the negotiated settlement was "'so generalized it will not support a claim for intervention of right.'" (*Id*. (quoting *Athens Lumber Co. v. Federal Election Comm'n,* 690 F.2d 1364, 1366 (11th Cir. 1982))). The court further stated that "even if [the Committee] was a 'real party in interest,' it could not intervene to challenge the negotiated settlement because 'concerns for state autonomy . . . deny private individuals the right to compel a state to enforce its laws.'" *Providence Baptist Church*, 425 F.3d at 317 (quoting *Diamond v. Charles*, 476 U.S. 54, 65 (1986)).

In the present action, Ms. Soss stands in the same position as the Committee stood in *Providence Baptist Church*. She has no substantial legal interest in the subject matter of this action either to assure the integrity of the Whiteford Township voting system or to enforce the results of the referendum which she caused to be held. As in *Providence,* there is no allegation in this action concerning the validity of the election results. Ms. Soss' legally protected interests ended when the election took place and any interest she has in the possible settlement of this action is too generalized to support her intervention into this action. Moreover, the *Providence* court echoed the finding of the *Alpine Twp.* court in stating that even if the Committee were a real party in interest it could not challenge the settlement of the case because a private citizen has no right to compel the state to enforce its laws. This is an additional reason to deny Ms. Soss' motion to intervene.

Because Ms. Soss failed to establish that she has a legal interest in this action, she also cannot establish that her ability to protect that interest might be impaired by this action or that the

parties might not adequately represent her interest. Accordingly, her motion to intervene of right will be denied. *See Providence Baptist Church*, 425 F.3d 309; *Johnson*, 73 Fed. App'x at 131.

**4.      Permissive Intervention**

Ms. Soss also seeks to intervene permissively pursuant to Fed. R. Civ. P. 24(b)(1)(B). In *Providence Baptist Church* the Committee moved for permissive intervention under Rule 24(b), but the district court denied that motion. *Providence Baptist Church*, 425 F.3d at 315 n. 2. The Committee did not appeal that denial. (*Id.*). The district court's decision in that action to deny permissive intervention to the Committee is strong support for a similar denial in this action. Because Ms. Soss has not shown that she has any enforceable legal interest in this proceeding, allowing her to intervene would unduly delay the proceeding and prejudice the adjudication of the original parties' rights. In addition, Ms. Soss has failed to explain how the purported defenses that she plans to raise in this action have any common questions of fact or law with the main action. She has therefore failed to establish that permissive intervention under Rule 24(b) is appropriate. This portion of her motion will also be denied.

**IT IS THEREFORE ORDERED** that the Motion to Intervene filed by Elizabeth Soss (docket no. 20) is **DENIED.**

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: April 30, 2008            s/ Mona K. Majzoub

MONA K. MAJZOUB
UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Order was served upon counsel of record on this date.

Dated: April 30, 2008        s/ Lisa C. Bartlett
                             Courtroom Deputy